IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
GREENVILLE DIVISION

| | |
|---|---|
| Canopius US Insurance., Inc., | )<br>)  C/A No. 6:12-1917-TMC<br>) |
| Plaintiff, | ) |
| | ) |
| v. | )<br>) |
| Mattie Faye Sloan, Truman Earl Fowler, d/b/a Weeks Tree Service, Dwayne Weeks, | )<br>)<br>)<br>)  **OPINION & ORDER** |
| Defendants. | ) |
| _____ | )<br>) |
| Mattie Faye Sloan, | )<br>) |
| Counter Claimant, | )<br>) |
| v. | )<br>) |
| Canopius US Insurance Incorporated, | )<br>) |
| Counter Defendant. | ) |
| _____ | ) |

This matter is before the court on Plaintiff/Counter Defendant Canopius US Insurance Incorporated's ("Canopius'") Motion to Dismiss and to Strike pursuant to Fed.R.Civ. P. 12(b)(6) and 12(f). (Dkt. # 10). Defendant/Counter Claimant Mattie Faye Sloan ("Sloan") filed a response opposing the motion and Canopius filed a reply. (Dkt. # 24, 27). A hearing was held on these motion on February 5, 2013. For the reasons set forth below, Canopius' motion is granted.

**Background/Procedural History**

On February 28, 2012, Defendants Truman Earl Fowler ("Fowler'), d/b/a Weeks Tree Service ("Weeks Tree Service"), and Dwayne Weeks ("Weeks") were attempting to cut down a tree in Marietta, South Carolina. (Compl. ¶ 9). At the time of the incident, Canopius alleges Sloan was holding a stabilizing rope attached to the tree being felled.

(Compl. ¶ 9).[1] After the tree was cut, it fell striking another tree which then struck Sloan causing her injuries. *Id*.

At the time of the accident, Weeks Tree Service had a commercial general liability policy which had ben issued by Canopius. After receiving notice of the accident, Canopius investigated and opined that Sloan's injuries were excluded under the policy.[2] Thereafter, Canopius filed this action seeking a declaratory judgment that it did not have a duty to defend Fowler, Weeks Tree Service, or Weeks and that there was no coverage for Sloan's claims.

In her Answer, Sloan asserted a counter claim for attorney's fees pursuant to S.C. Code Ann. § 38-59-40. (Answer ¶ 26). Additionally, Sloan asserted an affirmative defense of bad faith. (Answer ¶ 21, 25-26). Canopius filed this motion seeking an order dismissing Sloan's claim for attorney's fees and costs, and striking her references to Canopius' alleged bad faith.

## Standard of Review

The purpose of a motion to dismiss under Rule 12(b)(6) is to test the legal sufficiency of the complaint, not to resolve conflicts of fact or to decide the merits of the action. *Edwards v. City of Goldsboro*, 178 F.3d 231, 243–44 (4th Cir.1999). In considering a motion to dismiss, the court assumes the truth of all facts alleged in the complaint and the existence of any fact that can be proved, consistent with the complaint's allegations. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007). However, the "[f]actual allegations must be enough to raise a right to relief above the speculative level" and have "enough facts to

---

[1] The court notes that in her Answer, Sloan specifically "admits that [she] was holding a rope attached to the tree being felled." (Answer ¶ 9). However, at the hearing, Sloan denied that she was holding the rope.

[2] The policy contained a voluntary labor exclusion, which excluded coverage for bodily injury to any person volunteering services to Weeks Tree Service. (Compl. ¶¶ 12-14).

2

state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). "[A] plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of a cause of action's elements will not do." *Twombly*, 550 U.S. at 555 (citations omitted). Moreover, a court "need not accept the legal conclusions drawn from the facts" nor "accept as true unwarranted inferences, unreasonable conclusions, or arguments." *Eastern Shore Mkts., Inc. v. ID. Assocs. Ltd.*, 213 F.3d 175, 180 (4th Cir. 2000).

Rule 12(f) allows a district court to "strike from a pleading an insufficient defense or any redundant, immaterial, impertinent or scandalous matter." Fed.R.Civ.P. 12(f). Motions to strike "are generally viewed with disfavor 'because striking a portion of a pleading is a drastic remedy and because it is often sought by the movant simply as a dilatory tactic.'" *Waste Mgmt. Holdings, Inc. v. Gilmore*, 252 F.3d 316, 347 (4th Cir.2001)(quoting A. Charles Alan Wright & Arthur R. Miller, Federal Practice & Procedure § 1380 (2d ed.1990)).

## Discussion

**Attorney's Fees**

Sloan has pled a counterclaim seeking the "recovery of all attorney fees and costs incurred in this litigation as Defendant will be the prevailing party in this declaratory judgment lawsuit" and further pursuant to S.C. Code Ann. § 38-59-40 "due to Plaintiff's refusal to provide coverage for the claims of Mattie Faye Sloan at issue in Plaintiff's Complaint without reasonable cause and/or in bad faith." (Answer ¶¶ 25, 26). In her response to the motion to dismiss, Sloan states that under the South Carolina Declaratory Judgment Act, "the court may make such award *of costs* as may seem equitable and just." S.C. Code Ann. § 15-53-100. (Sloan's Mem. Opp. Mot. to Dismiss at 3)(emphasis added). However, Canopius contends that Sloan cannot recover attorney's fees. The court agrees.

3

In South Carolina, the general rule is that a party cannot recover attorney's fees unless authorized by contract or statute. *Jackson v. Speed*, 486 S.E.2d 750, 759 (S.C. 1997); *see also Hegler v. Gulf Ins. Co.*, 243 S.E.2d 443, 444 (S.C. 1978) (holding that "[a]s a general rule, attorney's fees are not recoverable unless authorized by contract or statute.").[3] Sloan contends that "[t]he South Carolina Supreme Court has held that "[i]t is well-settled in South Carolina that when a defendant insured prevails in a declaratory judgment action, **the insured** is entitled to recover attorney's fees." *State Auto Prop. & Cas. Ins. Co. v. Raynolds*, 592 S.E.2d 633, 637 (S.C. 2004)(emphasis added).

Sloan is correct - under South Carolina law, an insured is entitled to attorney's fees when he prevails in a declaratory judgment action brought by an insurance company. *Hegler*, 243 S.E.2d at 443. However, third-party claimants do not have standing to assert claims arising out of an insurer's breach of contract with its insured. *See Hill v. Canal Ins. Co.*, CA No. 7:12–330, 2012 WL 3135402 (D.S.C. Apr. 1, 2012) (*citing Kleckley v. Northwestern Nat'l Cas. Co.*, 526 S.E.2d 218, 219 (S.C. 2000)). Sloan is not the insured and therefore, in the absence of an assignment, she lacks standing to seek attorney's fees. Accordingly, based on the foregoing, Canopius' Motion to Dismiss Sloan's claim for attorney's fees is granted.

**Bad Faith Defense**

In her Answer, Sloan also raises "bad faith" as an affirmative defense. (See Def.'s Mem. Opp. Mot. to Dismiss at 6). Specifically, Sloan pleads that "[Canopious'] bad faith regarding its position regarding the insurance coverage provided by the insurance contract

---

[3] The court notes that while this action was filed pursuant to the Federal Declaratory Judgment Act, "[t]he availability of attorney's fees still turns on state law." *Security Ins. Co. of Hartford v. Campbell Schneider & Assoc., Inc.*, 481 F.Supp.2d 496, (D.S.C. 1997) (*citing Titan Holdings Syndicate, Inc. v. City of Keene*, 898 F.2d 265, 273-74 (1st Cir.1990)). "[E]ven though the action was brought pursuant to the federal Declaratory Judgment Act, the law of South Carolina applies." *Id.* See also *Baiden & Assoc., Inc. v. Crum & Forster Specialty Ins. Co.*, 2012 WL 591752 (D.S.C. 2012).

4

at issue in the Complaint as a complete defense to the claims of [Canopius] in the Complaint that [Canopius] has no coverage for the claim(s) of Mattie Faye Sloan at issue in this lawsuit." (Answer ¶ 21). Canopius contends that these allegations are improper and should be stricken. First, Canopius contends that Sloan cannot raise a claim for bad faith as she is not the insured. Second, Canopius contends that bad faith is not an affirmative defense to its declaratory judgment action. The court agrees.

As Canopius argues, generally only an insured can bring a bad faith claim. In South Carolina, although the insurer owes the insured a duty of good faith and fair dealing, *see Nichols v. State Farm Mut. Auto. Ins. Co.*, 306 S.E.2d 616 (S.C. 1983), this duty of good faith arising under the contract does not extend to a person who is not a party to the insurance contract. *Carolina Bank & Trust Co. v. St. Paul Fire & Marine Co.*, 310 S.E.2d 163 (S.C. Ct. App. 1983). Furthermore, in *Nichols*, the court held that if an insured can demonstrate bad faith or unreasonable action by the insurer in processing a claim under the insurance contract, then the insured can recover consequential damages, and the actual damages are not limited by the contract. *Nichols*, 306 S.E.2d at 619. However, South Carolina has not recognized an action for bad faith refusal to pay claims to third parties who are not named insureds. *See Kleckley*, 526 S.E.2d 218. There is simply no such action for a third party, such as Sloan.

Moreover,

> [A]n affirmative defense is the defendant's assertion raising new facts and arguments that, if true, will defeat the plaintiff's or prosecution's claim, even if all allegations in the complaint are true. In other words, assuming a plaintiff's factual allegations make out a cause of action, an affirmative defense bars it, while, on the other hand, a matter that merely negates an element of the plaintiff's prima facie case is not an affirmative defense. An affirmative defense generally admits matters alleged in the complaint and brings up some other reason why the plaintiff has no right to recovery; it thus introduces arguments not raised by a simple denial.

61A Am. Jur.2d Pleading § 300. Even assuming there was a finding of bad faith, such a finding would not be a complete defense to Canopius' declaratory judgment claim.

5

Accordingly, the court finds that Sloan's allegations relating to the affirmative defense of bad faith should be stricken from her Answer.

## Conclusion

For the foregoing reasons, Plaintiff's Motion to Dismiss and to Strike (Dkt. # 10) is **GRANTED**. In addition, Canopius' request for attorney's fees and costs associated with this motion is **DENIED**.

**IT IS SO ORDERED.**

s/Timothy M. Cain
United States District Judge

Anderson, South Carolina
February 11, 2013

6