IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
GREENVILLE DIVISION

| | | |
|---|---|---|
| Canopius US Insurance., Inc., | ) | |
| | ) | C/A No. 6:12-1917-TMC |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| Mattie Faye Sloan, Truman Earl Fowler, d/b/a Weeks Tree Service, Dwayne Weeks, | ) ) ) | |
| | ) | **OPINION & ORDER** |
| Defendants. | ) ) | |

This matter is before the court on the parties' motions in limine. (ECF Nos. 58 and 60). The parties have filed responses (ECF Nos. 64 and 67) and the motions are now ripe for ruling. Upon review of the motions and responses, the Court determines that no hearing is necessary. Local Civil Rule 7.08 DSC.

**Background/Procedural History**

On February 28, 2012, Defendants Truman Earl Fowler ("Fowler"), d/b/a Weeks Tree Service ("Weeks Tree Service"), and Dwayne Weeks ("Weeks") were attempting to cut down a tree in Marietta, South Carolina. (Compl. ¶ 9). After the tree was cut, it fell striking another tree which then struck Sloan causing her injuries. *Id*.

At the time of the accident, Weeks Tree Service had a commercial general liability policy which had been issued by Plaintiff Canopius U.S. Insurance, Inc., ("Canopius"). The policy contains a voluntary labor exclusion, which excludes coverage for bodily injury to any person volunteering services to Weeks Tree Service. (Compl. ¶¶ 12-14). Canopius filed this action seeking a declaratory judgment that it did not have a duty to defend Fowler, Weeks Tree Service, or Weeks and that there was no coverage for Sloan's claims. Specifically, Canopius alleges that Sloan was holding a stabilizing rope attached to the tree being felled (Compl. 9), and thus she

was volunteering for Weeks Tree Service and the exclusion applies. Sloan specifically denies she was holding the rope. (Am. Answer ¶ 9).

## Discussion

**Canopius' Motion in Limine**

In its Motion in Limine, Canopius seeks to exclude: 1) any testimony, evidence, or argument concerning or related to the nature and extent of the injuries sustained by Sloan, including the cost of her medical treatment and her current medical condition; and 2) any testimony, evidence, or argument stating or suggesting Canopius acted in bad faith or acted improperly in investigating this matter. (ECF No. 58).

Canopius argues that any evidence or argument regarding Sloan's treatment or medical condition is irrelevant to a determination of insurance coverage because such evidence has no tendency to make a fact more or less probable than it would be without the evidence. Canopius contends that, even if such evidence was relevant, its probative value is substantially outweighed by the dangers of unfair prejudice, confusion of the issues, and misleading the jury pursuant to Fed.R.Evid. 401 and 403.

Sloan contends the jury must be informed of Sloan's medical condition to explain her absence from the trial to avoid unduly prejudicing Sloan. Sloan seeks to present evidence through the testimony of her conservator or a medical witness, or statements made by her attorney during opening and closing statements, that the reason Sloan is unable to attend trial and testify is because of her severely debilitating medical issues which resulted from the accident at issue in this litigation.

The court agrees that Sloan should be allowed to explain Sloan's absence from the trial. However, such explanation should be limited so as not to prejudice Canopius. The court believes the best way to handle this issue would be for the parties to agree to a joint stipulation explaining Sloan's absence. Accordingly, by October 31, 2013, the parties are to submit a proposed joint

stipulation to address Sloan's absence from the trial, or advise the court that they are unable to agree to a joint stipulation. If the parties cannot agree on a joint stipulation, Sloan will be allowed only to briefly address Sloan's absence in her opening and closing arguments; testimony by Sloan's conservator or a medical witness will not be allowed.

Canopius also contends that any evidence or argument that Canopius acted in bad faith or otherwise behaved improperly in its investigation of this matter should be excluded as irrelevant because Sloan's bad faith defense was previously stricken from her answer by the court. (ECF No. 35). Additionally, Canopius argues that, even if such evidence or argument was relevant, its probative value is substantially outweighed by the danger of unfair prejudice to Canopius.

Sloan contends that she should be able to present evidence and/or statements to the jury that Canopius acted in bad faith or acted improperly in its investigation and in filing and maintaining this action. Sloan contends that the only eye witness who can testify at trial, Fowler, will testify that the voluntary worker exclusion is clearly inapplicable. Sloan further contends it will be very difficult, if not impossible, for her to present her case without suggesting, stating, or intimating that Canopius acted in bad faith or acted improperly. The court disagrees. While Fowler may be the only eyewitness who may testify at trial, there is other evidence which may be presented which is inconsistent or contrary with Fowler's expected testimony. Further, the court finds evidence or statements that Canopius acted in bad faith or improperly would be highly prejudicial to Canopius and the prejudicial impact of such evidence outweighs any probative value. Accordingly, any evidence or statements that Canopius acted in bad faith and/or improperly in investigating this matter is excluded.

**Sloan's Motion in Limine**

In her motion in limine, Sloan seeks to exclude: 1) any testimony, evidence or argument related to alleged statements of Weeks as to the facts and circumstances surrounding the accident; and 2) any testimony, evidence, or argument as to Sloan's attorney's error in admitting

that Sloan was holding a rope on the date of the accident in the original Answer filed in this action. (ECF No. 60).

Sloan argues that Weeks cannot be found and has not been cross-examined, and thus his statements should be excluded as inadmissible hearsay under Fed.R.Evid. 801 and 802. Additionally, Sloan contends Weeks' statements are more prejudicial than probative because Weeks told a law enforcement investigator that he could not see Sloan at the time of the accident. Sloan contends that the only eyewitness who will testify at trial is Fowler and Fowler has stated that Sloan did not touched the rope and did not volunteer.

Canopius contends that, pursuant to Fed.R.Evid. 801(d)(2), Weeks' statements are not hearsay because Weeks is an opposing party and the statements are offered against him. The court agrees. Weeks' statements to medical personnel and law enforcement were made when he was acting within the scope of his employment and admissible under Rule 801(d)(2)(D), which provides that the statement of an opposing party is not hearsay if it "is offered against an opposing party and was made by the party's agent or employee on a matter within the scope of that relationship and while it existed." Fed.R.Evid. 801(d)(2)(D).

Sloan also argues Weeks' statements should be barred by Fed.R.Evid. 403 as these statements are more prejudicial than probative because Weeks stated that he "couldn't really see where the tree was falling." However, the court agrees with Canopius that this statement goes to the weight of the evidence, rather than its admissibility. Further, the court does not find this evidence would confuse the jury. To the contrary, this is precisely one of the issues which the jury will have to decide. Therefore, subject to a proper foundation being established at trial, Weeks' statements are admissible. Accordingly, Sloan's motion to exclude any testimony, evidence or argument related to alleged statements of Weeks as to the facts and circumstances surrounding the accident is denied.

Sloan also argues that any evidence or argument as to Sloan's attorney's error in

admitting that Sloan was holding a rope on the date of the accident in the original Answer filed by in this action should be excluded under Fed.R.Evid. 403. The court agrees. Because Sloan made the statement in her prior answer, the statement is considered an admission by a party-opponent and not hearsay. *See* Fed.R.Evid. 801(e)(2) ("A statement is not hearsay if . . . [t]he statement is offered against a party and is . . . the party's own statement . . . ."). *See also* 29A Am. Jur. 2d § 792 (database updated 2013)(stating that "[a]n admission in an original verified pleading will remain binding as a judicial admission even after the filing of an amended pleading which supersedes the original.") However, while admissible, the court finds the probative value of the original answer is substantially outweighed by the danger of prejudice and confusion of the issues by the jury. *See* Fed.R.Evid. 403. Accordingly, any evidence or argument regarding Sloan's original answer is excluded.

## Conclusion

Accordingly, the Motions in Limine (ECF Nos. 58 and 60) are **GRANTED in part and DENIED in part**, as set forth above.

**IT IS SO ORDERED.**

s/Timothy M. Cain
United States District Judge

Anderson, South Carolina
October 15, 2013